**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

Raj S. Ambay,                                    Case No. 8:20-bk-05283-CED
                                                 Chapter 11
_____Debtor,_____ /

Genesis Surgery Center, LLC, a Florida
limited liability company,

       Plaintiff,

v.                                               Adv. Pro. No. _____

Raj S. Ambay,

_____Defendant._____ /

**COMPLAINT FOR DETERMINATION OF**
**DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

Plaintiff, Geneseis Surgery Center, LLC ("Plaintiff"), a Florida limited liability company, sues Defendant, Raj S. Ambay, and respectfully allege as follows:

**JURISDICTION**

1. This is an adversary proceeding in which Plaintiff seeks a determination as to the dischargeability of the debt owed by Debtor to Plaintiff under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

3. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## THE PARTIES

4. Plaintiff, is a Florida limited liability company that maintains its principal office at 35111 U.S. Highway 19 N., Palm Harbor, Florida 34684.

5. Defendant, Raj S. Ambay ("Debtor"), is an individual who resides at 3625 Little Road, Lutz, Florida 33548.

6. On July 9, 2020, Debtor filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida.

## FACTUAL ALLEGATIONS

7. Prior to March, 2019, Debtor was the 100% member and owner of Transformations Surgery Center, LLC ("Transformations"), a Florida limited liability company.

8. Transformations owns and operates a surgery center. Transformations leases its business premises from Silver Rain, LLC, a Florida limited liability company purportedly owned by Debtor and his wife.

9. In early 2019, Plaintiff began discussions with the Debtor concerning a potential sale by Debtor of an interest in Transformations to Plaintiff.

10. During these negotiations, Debtor represented to Plaintiff that he wanted to pursue a long term, strategic business relationship with Plaintiff. Debtor further represented to Plaintiff that if an agreement was reached, Plaintiff would have managerial and financial oversight over the Transformations business and the historical commingling of assets and liabilities between Transformations and other businesses owned by the Debtor (such as Ambay Plastic Surgery, LLC) would cease.

11. During the period prior to March 1, 2019, Debtor provided Plaintiff with certain financial information concerning Transformations, including without limitation, a 2018 balance

sheet, 2018 income statement, fixed asset listing, and spreadsheet showing surgeries performed by Ambay Plastic Surgery, LLC ("Ambay LLC") at Transformations during 2017 and 2018 and the fees generated for Transformations as a result of those surgeries.

12. Based upon the representations made by Debtor to Plaintiff, including without limitation the representations described in paragraphs 10 and 11 above, Plaintiff entered into a contract with Debtor and Transformations (the "Contract") to purchase 25% of Debtor's membership interest in Transformations for a total purchase price of $250,000.00 (a valuation of $10,000 per unit).

13. Prior to closing of the Contract, Plaintiff and Debtor also agreed to a post-closing budget for Transformations.

14. The closing on the Contract occurred on March 4, 2019, with an effective date of March 14, 2019. Plaintiff paid the full purchase price of $250,000.00 on March 4, 2019, in exchange for a 25% membership interest in Transformations.

15. After the closing, Debtor did not yield financial oversight over Transformations to Plaintiff, as promised, continued to commingle assets of Transformations with his other businesses, and did not adhere to the agreed post-closing budget for Transformations.

16. Further, after the closing, Plaintiff discovered undisclosed liabilities of Transformations, including substantial liabilities to McKesson and Live Oak Bank.

17. The anticipated and represented income from surgeries performed by Ambay LLC at Transformations did not materialize, either because Debtor overstated the anticipated surgeries or because Ambay LLC did not pay for surgeries performed at Transformations.

18. Debtor also continued to commingle and misappropriate money from Transformations, including: payment of above-market and excessive rent to Silver Rain, LLC;

payment of expenses and payroll for Ambay LLC; failure of Ambay LLC to pay for surgeries performed at Transformations; and payments to or for the benefit of the Debtor or entities owned by him that were not authorized by the operating agreement and were not included in the agreed budget.

19. In December 2019, Debtor, unilaterally and without notice to Plaintiff, valued the membership interests in Transformations at $1.00 per unit. In June 2020, Debtor sent Plaintiff a notice of dissociation.

20. Debtor lured Plaintiff into investing in Transformation based upon false representations concerning: his intentions to enter into a long term relationship with Plaintiff, adhere to the budget, allow Plaintiff financial oversight, and cease commingling assets; the liabilities and historical income of Transformations; and the anticipated future surgeries of Ambay LLC at Transformations.

21. After closing, Debtor breached his duties of loyalty, good faith, and fair dealing, and his fiduciary duty to Plaintiff by commingling, misappropriating, and diverting assets of Transformations.

22. As a result of the foregoing, Plaintiff has been damaged in an unliquidated amount in excess of $750,000.00.

## COUNT I
## NON-DISCHARGEABILITY OF PLAINTIFFS' JUDGMENT UNDER § 523(a)(4)
**(Embezzlement)**

23. Plaintiff incorporates by reference paragraphs 1 through 8, 14 through 16, 18, 19, and 22 as if fully restated herein.

24. This is an action to except Debtor's debt to Plaintiff from discharge pursuant to 11 U.S.C. § 523(a)(4).

25. Plaintiff has been damaged as a result of Debtor's wrongful and intentional misappropriation and diversion of money and property from Transformations for his personal benefit.

**WHEREFORE**, Plaintiff, respectfully requests this Court (a) award damages to Plaintiff in the amount proven at trial; (b) determine that the judgment is excepted from discharge pursuant to Section 523(a)(4); and (c) grant such other and further relief as this Court deems appropriate.

## COUNT II
## NON-DISCHARGEABILITY OF PLAINTIFFS' JUDGMENT UNDER § 523(a)(6)
**(Willful and Malicious Injury)**

26. Plaintiff incorporates by reference paragraphs 1 through 8, 14 through 16, 18, 19, 22, and 22 as if fully restated herein.

27. This is an action to except Debtor's debt to Plaintiff from discharge pursuant to 11 U.S.C. § 523(a)(6).

28. Debtor's misappropriations and breaches of fiduciary duty, were willful and intentional, and Debtor took these actions with knowledge that his actions were substantially certain to result in injury to Plaintiff.

29. Plaintiff has been damaged as a result of Debtor's wrongful and intentional misappropriation and diversion of money and property from Transformations for his personal benefit.

**WHEREFORE**, Plaintiff, respectfully requests this Court (a) award damages to Plaintiff in the amount proven at trial; (b) determine that the judgment is excepted from discharge pursuant to Section 523(a)(6); and (c) grant such other and further relief as this Court deems appropriate.

## COUNT III
## NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)(A)
**(Fraudulent Representations)**

30. Plaintiff incorporates by reference paragraphs 1 through 10 and 12 through 22 of the Complaint as if fully restated herein.

31. This is an action for a determination of the dischargeability of Debtor's debt to Plaintiff pursuant to 11 U.S.C. § 523(a)(2)(A).

32. At the time Debtor made the representations described in paragraphs 10, he knew the representations were false (because he had no intention to perform), but nevertheless made the representations with the intent to defraud and deceive Plaintiff and to further his own self-interests.

33. Plaintiffs relied on the representations described in paragraphs 10 in purchasing a 25% interest in Transformations.

34. As a proximate result of Debtor's fraudulent misrepresentations, Plaintiff has been damaged, including loss of its initial investment of $250,000.00, post-closing profits of Transformations, and other damages.

**WHEREFORE**, Plaintiff, respectfully requests this Court (a) award damages to Plaintiff in the amount proven at trial; (b) determine that the judgment is excepted from discharge pursuant to Section 523(a)(2)(A); and (c) grant such other and further relief as this Court deems appropriate.

## COUNT IV
## NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)(A)
**(Actual Fraud)**

35. Plaintiff incorporates by reference paragraphs 1 through 10 and 12 through 22 of the Complaint as if fully restated herein.

36. This is an action for a determination of the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A).

37. Debtor fraudulently lured Plaintiff into investing in Transformations and continued to commit fraud after the closing by misappropriating assets of Transformations.

38. As a proximate result of Debtor's fraud, Plaintiff has been damaged, including loss of its initial investment of $250,000.00, post-closing profits of Transformations, and other damages.

**WHEREFORE**, Plaintiff, respectfully requests this Court (a) award damages to Plaintiff in the amount proven at trial; (b) determine that the judgment is excepted from discharge pursuant to Section 523(a)(2)(A); and (c) grant such other and further relief as this Court deems appropriate.

**COUNT V**
**NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)(B)**
**(Fraudulent Representations)**

39. Plaintiff incorporates by reference paragraphs 1 through 9 and 11 through 22 of the Complaint as if fully restated herein.

40. This is an action for a determination of the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(B).

41. At the time Debtor made the representations described in paragraph 11, he knew the representations were false, but nevertheless made the representations with the intent to defraud and deceive Plaintiff and to further his own self-interests.

42. Plaintiff reasonably relied on the representations described in paragraph 11 in purchasing a 25% interest in Transformations.

43. As a proximate result of Debtor's false representations, Plaintiff has been damaged, including loss of its initial investment of $250,000.00, post-closing profits of Transformations, and other damages.

**WHEREFORE**, Plaintiff, respectfully requests this Court (a) award damages to Plaintiff in the amount proven at trial; (b) determine that the judgment is excepted from discharge pursuant to Section 523(a)(2)(B); and (c) grant such other and further relief as this Court deems appropriate.

Dated: September 21, 2020

/s/ Lynn Welter Sherman
Lynn Welter Sherman
Florida Bar No. 0375616
lsherman@trenam.com
Shirin M. Vesely
Florida Bar No. 21156
svesely@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS PA
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Telephone: 727.896.7171

*Counsel for the Genesis Surgery Center, LLC*