UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                          Chapter 11

RAJ S. AMBAY,                                                       Case No. 8:20-BK-05283-CED
    Debtor.
_____/

GENESIS SURGERY CENTER, LLC, a
Florida limited liability company,

    Plaintiff,                                                           Adv. Pro. No. 8:20-ap-00503-CED

v.

RAJ S. AMBAY,

    Defendant.
_____/

**MOTION TO DISMISS GENESIS SURGERY CENTER, LLC's
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, Raj S. Ambay ("**Debtor**" or the "**Defendant**") respectfully requests that this Court dismiss with prejudice the Complaint (the "**Complaint**") filed by Genesis Surgery Center ("**Genesis**"). In support of its motion, the Debtor represents the following:

**Summary of Argument**

The Complaint should be dismissed for failure to state a claim upon which relief can be granted. Indeed, the Complaint is fraught with mere formulaic recitations of the elements of causes of action, without any real substance. Genesis is a disgruntled investor which is not without fault. Indeed, Genesis and its employees and related entities engaged in billing fraud and embezzlement.

1

In an attempt to cover up its misdeeds, Genesis has lashed out with a frivolous lawsuit that should be dismissed with prejudice.

### **Standard for Motion to Dismiss**

1.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, a plaintiff's "well-pleaded allegations must nudge the claim 'across the line from conceivable to plausible.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). The allegations must plausibly suggest that the plaintiff has a right to relief, raising that right above the "speculative level." *Twombly*, 550 U.S. at 1965. "[A] plaintiff must do more than raise a sheer possibility of the defendant's liability." *In re Ernie Haire Ford, Inc.*, 459 B.R. 824, 835 (Bankr. M.D. Fla. 2011).

2.  Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Bankruptcy Rule 7012, provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." The complaint should be dismissed pursuant to Rule 12(b)(6) as more particulary set forth below:

### **Legal Argument**

3.  All of the counts should be dismissed because they fail to state a claim upon which relief can be granted under Rule 12(b)(6) and Rule 9 of the Federal Rules of Civil Procedure.

4.  Counts I and II fail to state a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, under Federal Rules of Civil Procedure Rule 8 and 12, they should be dismissed with prejudice.

5. Counts III, IV, and V fail to state with particularity the circumstances constituting fraud or mistake. Therefore, under Federal Rules of Civil Procedure Rule 9, they should be dismissed with prejudice

## I. Count I should be dismissed

6. Count I alleges embezzlement under 11 U.S.C. § 523(a)(4).

7. Pursuant to Section 523(a)(4), Genesis must allege "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

8. To prove "embezzlement," Genesis must show that (1) Debtor misappropriated funds for his/her own benefit, and (2) debtor did so with fraudulent intent or deceit. 11 U.S.C. § 523(a)(4), *see also In re Brady*, 101 F.3d 1165, 1172–73 (6th Cir.1996) (creditor must prove "that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud").

9. In addition, a debtor cannot embezzle his own property. *In re Brown*, 399 B.R. 44, 47 (Bankr.N.D.Ind.2008).

10. Genesis does not allege that funds were misappropriated for Debtor's benefit. Rather, Genesis states, "Debtor continued to commingle and misappropriate money from Transformations." (Page 3, paragraph 18).

11. Further, Genesis does not allege whether a benefit was obtained by Debtor due to the misappropriation of specific funds.

12. Moreover, Genesis does not sufficiently allege fraudulent intent or deceit in the alleged misappropriation. Although Genesis may generally allege intent, simply stating Debtor's "wrongful and intentional misappropriation" is an "assumption of embezzlement" and insufficient

3

for generally alleging intent for purposes of embezzlement. *In re Hoffman*, 27 C.B.C.2d 184, 147 B.R. 507 (Bankr. D.N.D. 1992).

13. Moreover, as the Debtor is seventy-five percent owner of Transformations, the allegations about embezzlement are akin to an argument that the Debtor embezzled his own money, which is legally impossible.

14. Therefore, Count I should be dismissed with prejudice.

## II. Count II should be dismissed

15. Count II alleges willful and malicious injury under Section 523(a)(6). To fall within the exception of section 523(a)(6), the injury to an entity or property must have been both willful and malicious. The requirements of "willfulness" and "maliciousness" are distinct requirements in the statute and are usually treated as such by the courts. *See Patch v. Patch*, 526 F. 3d 1176 (8th Cir. 2008).

16. The allegations in the Complaint do not meet the pleading requirements to state a plasuble claim that the Debtor's conduct was both willful and malicious. Indeed, there is no allegation of maliciousness.

17. Therefore, pursuant to Section 523(a)(6) and Fed.R.Civ.P 12, Count II should be dismissed with prejudice.

## III. Counts III and IV should be dismissed because they fail to satisfy the particularity standard of Rule 9(b) of the Federal Rules of Civil Procedure

18. Counts III and IV allege actual fraud and fraudulent representation under § 523(a)(2)(A). Thus, the claim is subject to the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure (made applicable to this case pursuant to Fed. R. Bankr. P. 7009).

19. Rule 9(b) of the Federal Rules of Civil Procedure provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

20. The allegations fall short of the particularity standard established by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to satisfy the particularity standard, Genesis must specify the following elements: (1) the time, place, and content of the alleged misrepresentation on which he or she relied; (2) the fraudulent scheme; (3) the fraudulent intent of the defendants; and (4) the injury resulting from the fraud. *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161–62 (6th Cir.1993), *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010)

21. First, the Complaint fails to specify the time, place, and content of the alleged misrepresentation. Rather it merely alleges "early 2019" and "discussion" between the parties. (Page 2, paragraphs 9 and 10). This is not sufficient to show time or place.

22. Second, the complaint fails to allege any facts to show a fraudulent scheme. Genesis states that Debtor "lured them into investing based upon false representations." (Page 4, paragraph 20). This does not, however, provide the necessary specificity regarding the alleged fraudulent scheme as it makes only a conclusory allegation.

23. Third, the Complaint fails to allege any facts (as opposed to making conclusory allegations) that Debtor had the requisite intent to deceive. Although scienter may be pleaded generally, the pleader must still "'allege facts that give rise to a strong inference of fraudulent intent.'" *In re Alicea*, 230 B.R. 492, 507 (Bankr. S.D.N.Y. 1999) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)) (dismissing § 523(a)(2)(B) claim for failing to plead fact sufficient to support inference of fraudulent intent). Here, the complaint fails to allege any facts that give rise to a strong inference of fraudulent intent.

24. Accordingly, the Complaint fails to satisfy the particularity requirements for allegations of fraud.

25. Therefore, pursuant to Section 523(a)(2)(A) and Fed.R.Civ.P 9, Counts III and IV should be dismissed with prejudice.

### IV. Count V should be dismissed because it failsto satisfy the particularity standard of Rule 9(b) of the Federal Rules of Civil Procedure

26. Count V alleges actual fraud and fraudulent representation under § 523(a)(2)(B). Thus, this claim is also subject to the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure (made applicable to this case pursuant to Fed. R. Bankr. P. 7009).

27. Under § 523(a)(2)(B), Genesis must plausibly allege that the Debtor provided a statement (1) in writing, (2) that is materially false, (3) respecting the debtor's financial condition, (4) on which Genesis reasonably relied, (5) that the debtor caused to be made or published with intent to deceive.

28. In evaluating reasonableness of reliance, courts consider several factors, including, *inter alia*, whether: (a) the creditor followed its established lending procedure in renewing the loan application; (b) the creditor verified the financial statements through outside sources; (c) even minimal investigation would have revealed the inaccuracy of the debtor's representations; and (d) the financial statements contained any "red flags" that should have alerted the creditor to potential inaccuracies. *See In re Anzo*, 547 B.R. 454, 467 (Bankr. N.D. Ga. 2016). "[R]easonable reliance connotes the use of the standard of ordinary and average person." *In re Davenport*, 508 Fed. App'x. 937, 938 (11th Cir. 2013). The Complaint does not satisfy the pleading requirements to establish a plausible claim for reasonable reliance or intent to deceive.

29. Therefore, pursuant to Section 523(a)(2)(B) and Fed.R.Civ.P 9, Count V should be dismissed with prejudice.

**Conclusion**

30. The Complaint is facially implausible, and Genesis cannot plausibly allege claims under §523(a)(2)(A)), (a)(2)(B), (a)(4), and (a)(6) under these facts. Leave to amend is futile. The Complaint should be dismissed with prejudice.

**Relief Requested**

WHEREFORE, the Debtor respectfully requests the Court enter an order (i) dismissing the Complaint with prejudice; and (ii) providing for such other legal and equitable relief the Court deems just.

/s/ Edward J. Peterson
Edward J. Peterson (FBN 0014612)
Amy Denton Harris (FBN 0634506)
Emily Clendenon (FBN 1017775)
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602-4718
Telephone: (813) 229-0144
Email: epeterson@srbp.com; aharris@srbp.com
Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing *Motion to Dismiss Complaint for Determination of Dischargeability of Debt Pursuant to 11 U.S.C. §523* has been furnished on this 2nd of November, 2020, by transmission of notices of electronic filing generated by the Court's electronic CM/ECF noticing system to:

>Lynn Welter Sherman, Esquire
>Sherin M. Vesely, Esquire
>Attorneys for Genesis Surgery Center, LLC
>lsherman@trenam.com; svesely@trenam.com

>>*/s/Edward J. Peterson*
>>Edward J. Peterson (FBN 0014612)